IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cr-40005-SMY |
| | ) |
| JERRY A. CRONTZ, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Jerry A. Crontz was sentenced on January 23, 2024 to 60 months' imprisonment followed by 3 years' supervised release for conspiracy to distribute and possess with intent to distribute methamphetamine, distribution of methamphetamine, and possession with intent to distribute methamphetamine (Docs. 156, 159). Crontz is currently housed at FMC-Butner, Low with an anticipated release date of March 1, 2027.

Now pending before the Court is Crontz's Motion for Compassionate Release pursuant to the First Step Act of 2018 (Doc. 164). The Government does not object to Crontz's motion (Doc. 173).[1] For the following reasons, the Motion is **GRANTED.**

Section 603(b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the BOP or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). Following a recent amendment by the Sentencing Commission, "extraordinary and

---

[1] According to the Government, Crontz's release has been recommended by the facility warden due to his terminal health status. However, final BOP review is of the request is pending.

compelling reasons" for compassionate release include: (1) medical circumstances, (2) "death or incapacitation of the caregiver of the defendant's minor child," (3) the defendant, while in custody, was the victim of sexual or physical abuse, or (4) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."  U.S.S.G. § 1B1.13(b).  Defendants moving for compassionate release bear the burden of establishing the existence of extraordinary and compelling reasons for such release.  *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

It is undisputed that Crontz has Stage 4 non-small cell lung cancer, has a life expectancy of less than a year, and is significantly debilitated. It is also undisputed that his terminal condition constitutes an extraordinary and compelling reason warranting compassionate release.  Moreover, the Court finds that the § 3553(a) factors also weigh in favor of Crontz's release as he is unlikely to commit additional crimes if released.  He has been incarcerated for almost two years, including his time in custody prior to sentencing. Thus, the sentencing objectives of just punishment and specific deterrence have been satisfied.  Crontz also has a suitable home plan and a supportive family (Doc. 174).

## Conclusion

For the foregoing reasons, Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582 (c)(1)(A) (Doc. 164) is **GRANTED**.[2]  Consistent with 18 U.S.C. § 3582(c)(1)(A), Crontz's sentence is reduced to time served. Crontz shall be released from the

---

[2] Given the severity of Crontz's condition, the Court declines the Government's request to stay the instant proceedings until such time as BOP has completed its review of Crontz's case.

custody of the Bureau of Prisons as soon as the release plan can be implemented and travel arrangements can be made. Upon his release from the custody of the Bureau of Prisons, Crontz shall begin serving the three-year term of supervised release previously imposed.

**IT IS SO ORDERED.**

**DATED: August 13, 2024**

**STACI M. YANDLE**
**United States District Judge**